IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EDWARD SMITH,<br><br>    Petitioner,<br><br>  v.<br><br>CHARLES PLUMMER,<br><br>    Respondent.<br>_____ | No. C 06-1637 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

  On March 1, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has paid the filing fee.

  In his petition, petitioner states that in 1997, he was convicted in Alameda County Superior Court and was sentenced to twelve years in state prison.[1]  He further states that in 2005, he filed a "motion for specific performance" in the Alameda County Superior Court, which was denied, and that he thereafter filed unsuccessful habeas petitions in the California Court of Appeal and California Supreme Court.  Petitioner additionally states, however, that at the time he filed the instant federal habeas petition, he had a petition, appeal or other post-conviction proceeding pending in the Alameda County Superior Court.  See Form Petition at 5.

  The exhaustion requirement applicable to federal habeas petitions is not satisfied if

---

[1] He does not state whether he appealed this conviction or sentence.

there is a pending post-conviction proceeding in state court. See 28 U.S.C. § 2254(b)-(c); Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If a post-conviction challenge to a criminal conviction is pending in state court, a potential federal habeas petitioner must await the outcome of the challenge before his state remedies are considered exhausted. See id. Moreover, the rule in Sherwood applies whether or not the issue raised in the pending state petition is included in the federal petition, for the reason that a pending state court challenge may result in the reversal of the petitioner's conviction, thereby mooting the federal petition. See id. (citations omitted).

As petitioner has a petition, appeal or other post-conviction proceeding pending in the Alameda County Superior Court, the instant petition for a writ of habeas corpus is hereby DISMISSED without prejudice to petitioner's refiling his claims after all state court post-conviction challenges to petitioner's conviction have been completed and all claims petitioner wishes to raise in federal court have been exhausted under 28 U.S.C. § 2254(b)-(c). See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: June 2, 2006

MAXINE M. CHESNEY
United States District Judge