IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD EDWARD SMITH, | ) | No. C 06-1637 MMC (PR) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL; STAYING FURTHER PROCEEDINGS; DIRECTIONS TO CLERK** |
| v. | ) ) | |
| SHERIFF CHARLES PLUMMER, | ) ) | |
| Respondent. | ) | **(Docket No. 24)** |
| _____ | ) | |

On March 1, 2006, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court reviewed the petition and dismissed it as unexhausted, for the reason that the petition stated that, at the time the petition was filed, petitioner had "a petition, appeal or other post-conviction proceeding" pending in the Alameda County Superior Court. See Form Petition at 5; Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (holding when post-conviction challenge to criminal conviction is pending in state court potential federal habeas petitioner must await outcome of said challenge before state remedies are considered exhausted).

Thereafter, the Ninth Circuit granted petitioner's request for a certificate of appealability and directed this Court to appoint counsel to represent petitioner on appeal. See Smith v. Plummer, No. 06-16240 (Docket No. 9.) Subsequently, the Court appointed attorney Albert Joel Kutchins ("Kutchins") to represent petitioner for purposes of the appeal only. On appeal, the Ninth Circuit reversed and remanded on the ground that petitioner's

statement that he had "a petition, appeal or other post-conviction proceeding" pending in the Alameda County Superior Court was ambiguous. In so finding, the Ninth Circuit noted that although petitioner stated there was a petition then pending in the Alameda County Superior Court, he also stated that each of his claims had been adjudicated by the California Supreme Court; further, the exhibits attached to the petition suggested that the petition pending in the Alameda County Superior was in fact a civil commitment petition against petitioner, and that petitioner was attempting to challenge the violation of his plea agreement as a result thereof. Consequently, the Ninth Circuit held, the instant petition should not have been dismissed summarily.

On remand, the Court reviewed the allegations in the petition, and summarized the factual background and legal claims as follows:

> In 1997, in the Superior Court of Alameda County, petitioner pled guilty to two counts of child concealment. He was sentenced to a term of twelve years in state prison and ordered to pay a $400.00 fine. Petitioner did not appeal the conviction. In 2005, when civil commitment proceedings against petitioner were commenced, petitioner filed a state habeas petition in the Superior Court, claiming the terms of his plea agreement had been violated as a result of the civil commitment proceedings. The petition was denied, as were subsequent state habeas petitions filed by petitioner in the California Court of Appeal and the California Supreme Court.
>
> * * *
> Petitioner claims that the terms of his plea agreement included a promise by the Alameda County District Attorney that the underlying facts and circumstances of the counts to which petitioner pled guilty would not form the basis of any future filings by the District Attorney against petitioner, and that the agreement was breached when the District Attorney commenced civil commitment proceedings against petitioner. Petitioner asserts that the breach of the plea agreement has resulted in the violation of his rights to due process and equal protection.

(Order, filed May 19, 2008, at 2-3.)

The Court found petitioner's claims cognizable and ordered respondent to show cause why the writ should not be granted. Respondent filed an answer to the petition on November 26, 2008.

On November 3, 2008, Kutchins, who represented petitioner on appeal, appeared specially on petitioner's behalf and filed a motion for appointment of counsel to represent

2

1  petitioner in this matter.  According to Kutchins, petitioner is a seventy-year old man,
2  currently incarcerated at the Alameda County Jail, who is facing indefinite detention,
3  potentially for the rest of his life, given his age, should the civil commitment petition lodged
4  against him be granted in the state's favor.  Kutchins asserts that petitioner has no resources
5  with which to retain counsel and, due to a limited education, is not capable of adequately
6  representing himself in this case with respect to the complex legal issue whether petitioner's
7  continued confinement violates the terms of his plea agreement.  In support of such assertion,
8  Kutchins further notes that when petitioner first filed the instant petition, his inability to
9  sufficiently articulate his claims resulted in this Court's mistakenly dismissing the petition as
10  unexhausted, and that the Ninth Circuit subsequently directed that counsel be appointed to
11  represent petitioner on appeal.

12  Title 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to
13  represent a habeas petitioner whenever "the court determines that the interests of justice so
14  require and such person is financially unable to obtain representation."  The decision to
15  appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d
16  1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987).  Having reviewed the petition
17  and respondent's answer, the Court finds the interests of justice require that petitioner be
18  appointed counsel to represent him in this action.  Accordingly, the motion for appointment
19  of counsel will be granted and this matter will be referred to the Office of the Federal Public
20  Defender to assist in locating counsel for petitioner.  Upon being notified by the Office of the
21  Federal Public Defender that an attorney has been located, the Court, by separate order, will
22  appoint such attorney as counsel for petitioner.  All further proceedings in this matter will be
23  stayed until such time as counsel for petitioner has been appointed.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.  Petitioner's motion for appointment of counsel is hereby GRANTED.  (Docket No. 24.)

2. The case is hereby REFERRED to the Office of the Federal Public Defender for the prompt selection of a qualified attorney to represent petitioner.[1]  Upon selection, counsel so selected shall notify the Court, after which the Court will appoint such counsel to represent petitioner in this matter pursuant to 18 U.S.C. § 3006A.  Following such appointment, counsel shall forthwith file an appearance.

3. All further proceedings in this matter are hereby STAYED until counsel has been appointed.

4. The Clerk of the Court shall serve a copy of this order on the parties and on <u>the Federal Public Defender's Office</u>, and <u>Albert Joel Kutchins, Attorney at Law, P.O. Box 5138 Berkeley, CA 94705</u>.

IT IS SO ORDERED.

DATED: December 10, 2008

_____
MAXINE M. CHESNEY
United States District Court Judge

---

[1] The Office of the Federal Public Defender may wish to consider whether, in the interest of justice and judicial economy, Kutchins would be willing and able to represent petitioner in these proceedings.

4